UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**THE SAMUEL LAW FIRM**
Michael Samuel (MS 7997)
1441 Broadway, Suite 6085
New York, New York 10018
(212) 563-9884
michael@thesamuellawfirm.com
*Attorneys for Plaintiff*

| | |
|---|---|
| Bernardo Jose Gomez,<br><br>*Plaintiff,*<br><br>v.<br><br>143-45 Wadsworth Avenue Housing Development Fund Corporation and Arelys Betance,<br><br>*Defendants.* | Docket No. 1:25-cv-08301<br><br>CIVIL ACTION<br><br>COMPLAINT |

Plaintiff Bernardo Jose Gomez, by and through his undersigned attorneys, for his complaint against defendants 143-45 Wadsworth Avenue Housing Development Fund Corporation and Arelys Betance (hereinafter collectively referred to as "Defendants"), alleges as follows:

**NATURE OF THE ACTION**

1.  Plaintiff Bernardo Jose Gomez, a former employee of Defendants, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), alleges that he is entitled to recover from Defendants, jointly and severally: (i) compensation for wages paid at less than the applicable federal minimum wage; (ii) compensation for unpaid wages for overtime work for which he did not receive

1

overtime premium pay as required by law, and (iii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 et seq., because the Defendants' violations were willful and lacked a good faith basis.

2. Plaintiff further complains that he is entitled to recover from Defendants: (i) back wages for unpaid applicable New York State minimum wage, and overtime premium for overtime work, each of which Defendants willfully failed to pay as required by the New York Labor Law §§ 650 et seq. ("NYLL") and the supporting New York State Department of Labor regulations; (ii) liquidated damages pursuant to the NYLL for these violations; and (iii) statutory damages for the Defendants' violations of the Wage Theft Prevention Act, each of which violations caused Plaintiff financial harm.

## PARTIES

3. Plaintiff Bernardo Jose Gomez (hereinafter referred to as "Plaintiff Gomez" or "Plaintiff") is an adult individual, residing in New York, New York.

4. At all times relevant herein, 143-45 Wadsworth Avenue Housing Development Fund Corporation (hereinafter referred to as "HDFC") has been a New York housing development fund corporation with a registered business address at 143-45 Wadsworth Avenue, New York, NY 10033.

5. At all times relevant herein, defendant HDFC has been and continues to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

6. Upon information and belief, at all relevant times, defendant HDFC has had gross revenues in excess of $500,000.00.

7. Upon information and belief, at all relevant times herein, Defendant HDFC has used goods and materials produced in interstate commerce and have employed at least two individuals who handled such goods and materials.

8. Upon information and belief, and at all relevant times herein, Defendant Arelys Betance is an adult individual, residing in this district, and is an owner or part owner and principal of defendant HDFC, and/or a manager of the business who has the power to hire and fire employees, set wages and work schedules, and maintain their records, including those of Plaintiff (hereinafter referred to as "Defendant Betance").

9. At all times relevant herein, Defendant Betance has been involved in the day-to-day operations of defendant HDFC and played active role in managing the business, scheduling, supervising and paying Plaintiff during his employment by Defendants.

10. Upon information and belief, and at all relevant times herein, Defendants owned and/or operated and/or controlled a multi-story residential building containing multiple rental units, located at 143-45 Wadsworth Avenue, New York, NY 10033 (the "Building"), where Plaintiff worked.

11. At all relevant times herein, Defendants, individually and/or jointly, employed Plaintiff and were responsible for hiring, firing, scheduling, controlling, managing and supervising

Plaintiff's work at the Building, as well as maintaining employment records of Plaintiff, among other employer functions.

12. At all relevant times herein, Defendants each constituted an "employer" of Plaintiff as that term is used in the Fair Labor Standards Act and New York Labor Law.

## JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

14. In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

15. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events and/or omissions giving rise to the claims occurred in this judicial district, and Defendants conduct business through their employees, including Plaintiff, within this judicial district.

## FACTS

16. Upon information and belief, at all relevant times herein, Defendants were engaged in the business of real estate and building management and ownership.

17. At all relevant times herein, Defendants owned and/or operated and/or controlled a multi-story residential building containing multiple rental units, located at 143-45 Wadsworth Avenue, New York, NY 10033 (the "Building").

4

18. Plaintiff Gomez was employed by Defendants as the superintendent of the Building (the "super"), in which position he performed manual work including cleaning, maintenance, and repairs, as well as snow and ice removal, garbage disposal, and responding to tenants' complaints and inquiries at the Building.

19. Plaintiff Gomez has been employed in such position by Defendants from 2013 until March 30, 2024.

20. Plaintiff Gomez's work for Defendants was performed in the normal course of Defendants' business, was integrated into the business of Defendants, and did not involve executive or administrative responsibilities.

21. At all relevant times herein, while employed by Defendants, Plaintiff Gomez was an employee engaged in commerce and/or in the production of goods for commerce, as defined in the FLSA and its implementing regulations.

22. During his employment by Defendants, Plaintiff Gomez worked a regular schedule of seven days per week, as follows: Monday, from 6 a.m. to 4 p.m.; Tuesday, from 6 a.m. to 10 p.m.; Wednesday, from 8 a.m. to 4 p.m.; Thursday, from 8 a.m. to 4 p.m. and again from 8 p.m. to 10 p.m.; Friday, from 8 a.m. to 2 p.m.; Saturday, from 8 a.m. to 2 p.m.; and Sunday, from 6 p.m. to 10 p.m.; totaling approximately 60 hours per week.

23. During his employment at the Building, Plaintiff Gomez was paid by Defendants on a bi-weekly basis by check, in the amount of $600 gross.

24. During his employment, Defendants provided Plaintiff Gomez with a rent-free basement two-bedroom apartment in the Building as part of his wages/compensation, which he occupied with his wife and son.

25. Plaintiff Gomez received the weekly amounts described herein above for all hours worked each week during his employment, regardless of the exact number of hours worked in a given week and has not received any overtime premium for hours worked in excess of forty hours per week, in violation of the FLSA, the New York Labor Law, and the supporting New York State Department of Labor regulations.

26. As a result, at all times relevant herein, during his employment by Defendants, Plaintiff Gomez's effective hourly rates of pay were below the applicable federal minimum wage in effect at relevant times.

27. As a result, at all times relevant herein, during his employment by Defendants, Plaintiff Gomez's effective hourly rates of pay were below the applicable statutory New York State minimum wage in effect at relevant times.

28. Defendants' failure to pay Plaintiff Gomez an amount at least equal to the applicable federal and New York State minimum wage in effect during relevant time periods was willful and lacked a good faith basis, because Defendants set Plaintiff's compensation and were aware that they were not compensating Plaintiff Gomez at the applicable federal and New York State minimum wage, during his

employment for Defendants.

29. Defendants also failed to pay Plaintiff Gomez overtime compensation for all hours he worked beyond 40 hours in a workweek, in violation of the FLSA, the New York Labor Law, and the supporting New York State Department of Labor regulations.

30. Defendants' failure to pay Plaintiff Gomez the overtime bonus for additional overtime hours he worked was willful and lacked a good faith basis, because Defendants set Plaintiff's work schedule and Plaintiff's compensation, and were aware that Plaintiff was working in excess of forty hours per week during his employment by Defendants.

31. Defendants failed to provide Plaintiff Gomez with properly compliant paystubs under the New York Labor Law, during his employment by Defendants, which has caused him financial harm as a result of his not being informed of the actual amount he has been paid on an hourly basis, and the lawfully applicable rates of pay owed him at all relevant times herein.

32. Defendants also have failed to provide Plaintiff Gomez with a written notice providing the information required by the Wage Theft Prevention Act – including, inter alia, the Defendants' contact information, the regular and overtime rates, and intended allowances claimed – and failed to obtain Plaintiff Gomez's signature acknowledging the same, upon Plaintiff's hiring or at any time thereafter, in violation of the Wage Theft Prevention Act in effect at the time, causing him financial harm resulting from his not being

informed of the actual amount he has been paid on an hourly basis and the lawfully applicable rates of pay owed him at all relevant times herein.

33. Defendants failed to provide Plaintiff Gomez with properly compliant weekly records reflecting his compensation and hours worked during his employment by Defendants, in violation of the Wage Theft Prevention Act, causing him financial harm resulting from his not being informed of the actual amount he has been paid on an hourly basis and the lawfully applicable rates of pay owed him at all relevant times herein.

34. Upon information and belief, while Defendants employed Plaintiff Gomez, and throughout all relevant time periods, Defendants failed to post or keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA or New York Labor Law.

## COUNT I
### (Fair Labor Standards Act - Overtime)

35. Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

36. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

37. At all relevant times, Defendants had a policy and practice of refusing to pay Plaintiff proper overtime compensation for each of the hours he worked in excess of forty hours per workweek.

38. As a result of Defendants' willful failure to compensate Plaintiff at a rate at least one-and-one-half times the regular rate of pay for each hour of work performed in excess of forty hours per workweek, Defendants have violated the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

39. The foregoing conduct, as alleged, constituted a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a) and lacked a good faith basis within the meaning of 29 U.S.C. § 260, because Defendants set Plaintiff's work schedule and compensation and were aware of the number of hours Plaintiff was working per week during his employment by Defendants.

40. Due to the Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants his unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. §216(b).

## COUNT II
### (Fair Labor Standards Act – Minimum Wage)

41. Plaintiff repeats, realleges and incorporates by reference the foregoing allegations as if set forth fully and again herein.

42. At all relevant times, Plaintiff was employed by Defendants within the meaning of the FLSA.

43. Defendants willfully violated Plaintiff's rights by failing to pay him the lawfully required hourly rate at least equal

9

to the applicable federal minimum wage in violation of the FLSA 29 U.S.C. §§ 201 et seq., and its supporting regulations.

44. Defendants' failure to pay Plaintiff the lawfully required minimum hourly rate was willful and lacked a good faith basis within the meaning of 29 U.S.C. § 255(a) and its supporting regulations, because Defendants set Plaintiff's compensation and were aware that they were not compensating Plaintiff at the applicable federal minimum wage during his employment by Defendants.

45. Due to the Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants his unpaid minimum wage compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to the FLSA.

**COUNT III**
**(New York Labor Law – Overtime)**

46. Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

47. At all relevant times, Plaintiff has been employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

48. Defendants willfully violated Plaintiff's rights by failing to pay him overtime compensation at rates at least one-and-one-half times the regular rate of pay for each hour worked in excess of forty hours per workweek in violation of the New York Labor Law

§§ 650 et seq. and its supporting regulations.

49. Defendants' failure to pay Plaintiff overtime compensation was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations, because Defendants set Plaintiff's work schedule and compensation and were aware of the number of hours Plaintiff was working per week during his employment by Defendants.

50. Due to the Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT IV
### (New York Labor Law – Minimum Wage)

51. Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

52. At all relevant times, Plaintiff has been employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

53. Defendants willfully violated Plaintiff's rights by failing to pay him the lawfully required hourly rate at least equal to applicable New York State minimum wage in violation of the New York Labor Law §§ 190-199, 652, and its supporting regulations.

54. Defendants' failure to pay Plaintiff the lawfully required

11

minimum hourly rate was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations, because Defendants set Plaintiff's compensation and were aware that they were not compensating Plaintiff at the applicable statutory minimum wage during his employment by Defendants.

55. Due to the Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid minimum wage compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT V
### (New York Labor Law - Wage Theft Prevention Act)

56. Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

57. At all relevant times herein, Plaintiff has been employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

58. Defendants willfully violated Plaintiff's rights by failing to provide him with wage notices required by the Wage Theft Prevention Act when he was hired, or at any time thereafter, causing financial harm to Plaintiff by preventing him being aware of, informed of and from receiving his lawfully owed compensation including minimum wage and overtime premium.

59. Defendants have continued to willfully violate Plaintiff's rights by failing to provide him with the properly compliant weekly wage statements regarding his overtime pay, required by the Wage Theft Prevention Act at any time during his employment, causing financial harm to Plaintiff by preventing him from receiving his lawfully owed compensation including overtime premium.

60. Due to the Defendants' New York Labor Law violations relating to the failure to provide Plaintiff with the properly compliant paystubs, and the resulting financial harm caused, Plaintiff is entitled to recover from Defendants statutory damages of $250 per day, for each day of his employment by Defendants, up to the maximum statutory damages.

61. Due to the Defendants' New York Labor Law violations relating to the failure to provide wage notices, and the resulting financial harm caused, Plaintiff is entitled to recover from Defendants statutory damages of $50 per day for each day of his employment by Defendants, up to the maximum statutory damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

A. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

B. An injunction against Defendants and their officers,

    agents, successors, employees, representatives, and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

C. A compensatory award of unpaid overtime compensation, at the statutory overtime premium rate, due under the FLSA and the New York Labor Law;

D. A compensatory award of unpaid minimum wage compensation, at the applicable statutory rate, due under the FLSA and New York Labor Law;

E. An award of liquidated damages as a result of the Defendants' willful failure to pay the applicable minimum wage and overtime compensation pursuant to 29 U.S.C. §216;

F. An award of liquidated damages for the Defendants' New York Labor Law violations;

G. An award of statutory damages for the Defendants' violation of the New York Wage Theft Prevention Act;

H. Back pay;

I. Punitive damages;

J. An award of prejudgment and post-judgment interest;

K. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

    L.    Such other, further, and different relief as this Court deems just and proper.

Dated: October 7, 2025
       New York, New York

                                            */s/ Michael Samuel*
                                          Michael Samuel, Esq. (MS 7997)
                                          THE SAMUEL LAW FIRM
                                          1441 Broadway
                                          Suite 6085
                                          New York, New York 10018
                                          (212) 563-9884
                                          *Attorneys for Plaintiff*